## JOHNSON *v.* GALLIVAN.

In an action against several persons as partners, the declarations, verbal or written, of one of them, who admits himself to be a partner, are not admissible to prove that another is a member of the firm.

But where the question was whether a copartnership between A and B had been dissolved, and there was evidence tending to show that the business had been carried on the same after the alleged dissolution as before, a receipt signed by A with his own name, and that of B in B's presence, given for money paid in a transaction commenced before the alleged dissolution, with which B was familiar, is admissible in evidence, although B could neither read nor write. And a verdict will not be set aside because the jury were not directed to consider the receipt only in case they found that B was aware of its contents, and knew that his name was signed to it, no special request for such instruction being made.

This is assumpsit for labor and services of men, horses, carts, and harnesses, in August and September, 1870—in all, $184.53.

At the trial here upon the general issue pleaded by Gallivan (Dennison having been defaulted), the plaintiff sought to charge the defendants as partners in a job on the Sugar River Railroad, taken of Terry & Wilkins, and offered evidence tending to prove the taking of the job by the two defendants as partners, their entering upon the work in

June, 1870, and continuing upon it until September 15 of the same year and during all the time the plaintiff worked there, the hiring of the plaintiff and his teams and men, and the performance of the labor.

The defendant then offered in evidence an agreement between him and Dennison, dated August 5, 1870, purporting to be a sale by Gallivan of all his interest in the job on the railroad,—Dennison agreeing to pay Gallivan a sum of money agreed upon as the amount due on their joint business, and, among other things, the sum of $300, on September 15, 1870, for which Dennison gave Gallivan an order on Terry & Wilkins, which order they accepted.

The defendant then introduced Mr. Terry, who testified that on September 15, when they paid Dennison's August estimates, Gallivan was present; that he paid Dennison the money and took a receipt for it; and that he saw Dennison pay Gallivan the $300, and take up the order which they had so accepted, and he received and destroyed it.

The receipt was drawn out on the cross-examination of Terry by the plaintiff, and introduced by the plaintiff.

The plaintiff then proposed to read the receipt, but the defendant objected on the ground that Gallivan could not read or write; and there was evidence that he could not read or write, which was not denied by counsel; and there was no evidence that Gallivan knew that Dennison put Gallivan's name to the receipt, except the fact that he was present; but as the plaintiff's evidence tended to show that Gallivan continued to act as partner until September 15, 1870, and as he was present when the receipt was given, the court admitted it, subject to the defendant's exception. The receipt purported to be signed by John H. Dennison and William Gallivan individually, but the signatures were placed there by Dennison. It was dated September 15, 1870, and it acknowledged the receipt of $837.34, " it being the amount as per contract for August estimate." The plaintiff contended that the alleged dissolution was not real, or if it was at first, it was abandoned, and Gallivan continued on as before; and much evidence was offered on that point.

The jury having returned a verdict for the plaintiff, the defendant moves for a new trial for error in the rulings aforesaid.

*Bowers* and *Burke*, for the plaintiff.

*Parker* and *Wait*, for Gallivan.

LADD, J. It is well settled that, in an action against several persons as partners, the declarations of one of them, who admits himself to be a partner, are not admissible to prove that another is a member of the firm. *Grafton Bank* v. *Moore*, 13 N. H. 99, and numerous cases referred to and discussed in the opinion of the court; *Dutton* v. *Woodman*, 9 Cush. 255; *Allcott* v. *Strong*, 9 Cush. 323; 1 Greenl. Ev., sec. 177, and cases in note.

This rule would clearly apply with equal force whether the declarations were verbal or written.

We are thus brought at once to the conclusion that the receipt admitted in this case, if it were to be regarded simply as the act of Dennison, in which Gallivan did not participate, and of which he had no knowledge, was not admissible to show that Gallivan was a partner.

But there was evidence tending to prove that Gallivan had acted as a partner up to the time the receipt was given. He was present, and must have known the fact that the receipt was given upon the payment of money on a contract which he and Dennison had entered into as partners. We think that here was clearly evidence upon which the plaintiff might ask the jury to find that Gallivan was aware of the nature of the whole transaction, and had knowledge that his name was signed to the receipt, although he could not read or write. If it was true that Gallivan had acted as partner up to that time (and the jury certainly might have so found), it would be an almost unavoidable inference that he must have understood that his name would be and was signed to the receipt.

We therefore think the receipt was properly admitted, on the ground that there was evidence proper for the jury to consider, tending to show that Gallivan knew his name was signed to it, and assented to the transaction as a partnership transaction.

But it is said by the defendant's counsel that the jury were not instructed that they could consider the question of Gallivan's knowledge, and the case does not show that they were so instructed. Indeed, no part of the charge to the jury is given, and it does not appear that any specific instructions were requested and refused. If the defendant had requested the court to charge the jury, with respect to the application and effect of the evidence, that they could only consider the receipt against Gallivan in case they found he knew his name was signed to it, and such instruction had been refused, a very different question would be presented for our consideration.

In *Moore* v. *Ross*, 11 N. H. 557, the court say,—"If a party desire an instruction of the court upon any particular point, or that the court should give certain views of the law to the jury, and the judge omit so to instruct the jury, the proper course is for the party to move the court to instruct; and if the court decline, he may then make the exception." See, also, *Wright* v. *Boynton*, 37 N. H. 9 ; *Moses* v. *Railroad*, 32 N. H. 535.

As the case stands, the only question before us is, whether, in any legal view of the evidence, the receipt was admissible; and, as already intimated, we think it was.

The exceptions must therefore be overruled, and

*Judgment on the verdict.*